## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____

VLADIMIR CHEBOTNIKOV, on behalf
of himself and others similarly situated,

          Plaintiff,

v.                              **Civ. A. No. 1:14-cv-13475**

LIMOLINK, INC.,

          Defendant.
_____

## CLASS ACTION COMPLAINT AND JURY DEMAND

### I.    INTRODUCTION

1.    This is an action brought on behalf of individuals who have worked as limousine drivers for Defendant LimoLink, Inc.  LimoLink has engaged in numerous violations of the Massachusetts wage laws and the federal Fair Labor Standards Act ("FLSA") in its treatment of its limousine drivers, including misclassifying its drivers as independent contractors, failing to pay overtime compensation, failing to distribute the total proceeds of gratuities to its drivers, and failing to compensate drivers for expenses incurred in connection with their employment. Named plaintiff Vladimir Chebotnikov brings this action on behalf of himself and others similarly situated and seek recovery of all unpaid gratuities.  Plaintiff also seeks liquidated damages, interest, costs and attorneys' fees, and all other relief to which he is entitled.

### II.    PARTIES

2.    Plaintiff Vladimir Chebotnikow ("Plaintiff") is an adult resident of Avon, Massachusetts.  He has been employed as a limousine driver for LimoLink since approximately 2007.

3.      The above-named Plaintiff brings this action on behalf of himself and all others similarly situated, namely all other individuals who have worked as limousine drivers for LimoLink, have been misclassified as independent contractors, and have not received all compensation to which they are entitled, as described below.  For the FLSA claim, the named Plaintiff brings this action on behalf of all similarly situated individuals who may choose to "opt in" to this action pursuant to the FLSA, 29 U.S.C. § 216(b).

4.      As to the claims under Massachusetts law, the proposed class meets the requirements for class certification in Mass. Gen. L. c. 149 § 150, Mass. Gen. L. c. 151 §§ 1B and 20, and/or Mass. R. Civ. P. 23.

5.      The claims under the FLSA meet the requirements for collective action certification set forth in 29 U.S.C. § 216(b).

6.      Defendant LimoLink, Inc. is an Iowa corporation that provides limousine services in numerous states, including, inter alia, Massachusetts, New York, Illinois, Iowa, North Carolina, Colorado, and Nevada.

## III.    JURISDICTION AND VENUE

7.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 because the case involves a federal claim, and because the defendant operates in Massachusetts.

8.      Venue is proper in this Court because the named Plaintiff has performed work for Defendant in Massachusetts.

## IV.    FACTS

### A.      Independent Contractor Misclassification

9.      LimoLink is in the business of providing limousine services to customers.

10.     LimoLink hires limousine drivers to perform these limousine services.

11.     LimoLink classifies its limousine drivers as independent contractors.

12.     However, the relationship between LimoLink and its limousine drivers has all of the hallmarks of an employment relationship.

13.     LimoLink advertises on its website that it is in the "chauffeured ground transportation industry."

14.     LimoLink maintains control over its limousine drivers' work, including controlling the flow of work to them, the details of their work, the pricing for their work, and the customer relationship.

15.     The limousine drivers are economically dependent upon LimoLink.

16.     LimoLink hires and fires its limousine drivers.

17.     LimoLink supervises and controls the limousine drivers' work schedules and the assignments given to them.

18.     LimoLink sets the amount that the limousine drivers receive in compensation for their work for LimoLink.

19.     LimoLink maintains records of the amounts it pays to its limousine drivers and the customers for whom the limousine drivers provide services.

20.     LimoLink imposes requirements on its limousine drivers, including requirements regarding their uniform, their vehicles, and their relationships with the customers.

21.     As it says on LimoLink's website:

> "We maintain and enforce a strict code of conduct for chauffeurs. Your chauffeur is required to dress in formal attire, which includes a clean, pressed, dark, conservative business suit, a pressed white dress shirt and tie, and have a well-groomed professional appearance. Your chauffeur will be positioned on-site 15 minutes prior to commercial flight arrivals, and 30 minutes prior for private aircraft arriving at an FBO.

Your vehicle will be stocked with daily publications and bottled water. If you prefer a special publication or a specific item, just ask."

**B.      LimoLink's Compensation System**

22.      LimoLink pays its drivers an hourly rate or a base rate for their work, depending on the job.

23.      LimoLink drivers, including the named Plaintiff, routinely work more than forty hours per week.

24.      However, LimoLink does not pay drivers premium compensation at time-and-a-half for hours worked in excess of forty per week.

25.      LimoLink limousine drivers receive only a portion of the gratuities paid by customers.

26.      LimoLink customers leave gratuities for the limousine drivers' services equal to 20% or more of the amount that the customers pay for the limousine drivers' services.

27.      LimoLink customers leave these gratuities with the expectation, belief, and understanding that the gratuities are paid in full to the drivers.

28.      However, the entire gratuities paid by customers are not paid to the drivers.

29.      Instead, LimoLink retains portions of the gratuities paid by customers.

30.      For example, LimoLink only pays the drivers 10-20% of the driver's rate for each job, which comes to substantially less than the amount that the customer has paid as a gratuity.

31.      This results in LimoLink retaining significant portions of the gratuities paid by customers for the drivers' services.

32.      LimoLink drivers are required to pay their own expenses, and LimoLink does not compensate them for the amounts they pay in expenses.

4

33.     For example, LimoLink drivers pay for their own gas, mileage, and vehicle maintenance relating to their work as limousine drivers for LimoLink.

34.     LimoLink requires the drivers to keep the vehicles clean and stocked with beverages and publications for LimoLink's customers.  The drivers are required to pay for the cleaning, beverages, and publications, and LimoLink does not compensate them for these expenditures.

35.     LimoLink requires its limousine drivers to maintain insurance at certain levels in order to work for LimoLink.

36.     The drivers are required to pay for this insurance themselves and must prove to LimoLink that they have the insurance, but LimoLink does not compensate or reimburse them for this insurance.

37.     LimoLink classifies some of its workers as employees and provides benefits to those employees, such as vacation pay, holidays, and expense reimbursement.

38.     LimoLink does not afford its limousine drivers the same benefits as those provided to its employees.

39.     LimoLink's misclassification of its limousine drivers as independent contractors, failure to pay overtime compensation, failure to pay drivers the total proceeds of gratuities, and failure to reimburse for expenses, as set forth above, constitutes a willful and reckless violation of the federal Fair Labor Standards Act.

## V.     EXHAUSTION OF ADMINISTRATIVE REMEDIES

40.     Pursuant to the state law requirements as set forth in Mass. Gen. L. c. 149 § 150, named Plaintiff Vladimir Chebotnikov has filed his Massachusetts statutory claims with the

Office of the Attorney General and has received a right-to-sue letter in order to proceed on these claims in court.

41.     Pursuant to 29 U.S.C. § 216(b), named Plaintiff Vladimir Chebotnikov consents to sue as a plaintiff under the Fair Labor Standards Act.  His consent to sue form is attached to this Complaint as Exhibit A.

## VI.    CLASS ALLEGATIONS – MASSACHUSETTS CLAIMS

42.     Pursuant to Mass. R. Civ. P. 23 and Mass. Gen. L. c. 149 § 150, Plaintiff Vladimir Chebotnikov brings this class action lawsuit on behalf of himself and all other individuals who have worked as limousine drivers for LimoLink in Massachusetts and have not received all compensation to which they are entitled.

43.     The members of the class are so numerous that joinder of all of them is impracticable.

44.     There are issues of law and fact common to all class members, because LimoLink's independent contractor misclassification and driver compensation practices apply to all class members.  The common questions of law and fact predominate over any questions affecting individual class members.

45.     The claims of the named Plaintiff are typical of the claims of all members of the class, because all members of the class were subject to the same unlawful practices.

46.     The named Plaintiff and his counsel will fairly and adequately represent the interests of the class.

## VII.   COLLECTIVE ACTION ALLEGATIONS – FLSA CLAIMS

47.     Pursuant to 29 U.S.C. § 216(b), the named Plaintiff brings the FLSA claims on behalf of all similarly situated individuals who have worked as limousine drivers for LimoLink

6

in the United States and who may choose to "opt in" to this action pursuant to the FLSA, 29

U.S.C. § 216(b).

48.      This claim meets the requirements for collective action certification under the

FLSA.

49.      All potential opt-in plaintiffs are similarly situated as to these claims, as

LimoLink's independent contractor misclassification and driver compensation practices apply to

all drivers and result in the alleged violation of the FLSA.

**COUNT I**
MASSACHUSETTS INDEPENDENT CONTRACTOR STATUTE

50.      Defendant's conduct in misclassifying its limousine drivers in Massachusetts as

independent contractors when they are in fact employees and its conduct in failing to provide the

same benefits to independent contractors as to employees, as set forth above, violates Mass. Gen.

L. c. 149 § 148B.  This claim is brought pursuant to Mass. Gen. L. c. 149 § 150.

**COUNT II**
OVERTIME – MASSACHUSETTS LAW

51.      Defendant's conduct in failing to pay its limousine drivers in Massachusetts time

and a half for hours worked over forty per week, as set forth above, violates Mass. Gen. L. c. 151

§ 1A.  This claim is brought pursuant to Mass. Gen. L. c. 151 § 1B.

**COUNT III**
MASSACHUSETTS TIPS LAW

52.      Defendant's conduct in failing to distribute to its Massachusetts drivers the total

proceeds of all gratuities paid by customers, as set forth above, violates Mass. Gen. L. c. 149 §

152A.  This claim is brought pursuant to Mass. Gen. L. c. 149 § 150.

**COUNT IV**
EXPENSES/DEDUCTIONS – MASSACHUSETTS WAGE ACT
AND MASSACHUSETTS MINIMUM WAGE ACT

53.     Defendant's conduct in failing to compensate limousine drivers in Massachusetts for all expenses relating to their employment, as set forth above, constitutes unlawful deductions from wages and minimum wages in violation of Mass. Gen. L. c. 149 § 148 and Mass. Gen. L. c. 151 § 1.  This claim is brought pursuant to Mass. Gen. L. c. 149 § 150 and Mass. Gen. L. c. 151 § 20.

**COUNT V**
INDEPENDENT CONTRACTOR MISCLASSIFICATION - FLSA

54.     Defendant's conduct in misclassifying its limousine drivers as independent contractors when they are in fact employees, as set forth above, violates the FLSA, 29 U.S.C. § 203, *et seq*.  This claim is brought pursuant to 29 U.S.C. § 216(b).

**COUNT VI**
OVERTIME - FLSA

55.     Defendant's conduct in failing to pay its limousine drivers time and a half for hours worked over forty per week, as set forth above, violates the FLSA, 29 U.S.C. § 203, *et seq*. This claim is brought pursuant to 29 U.S.C. § 216(b).

**COUNT VII**
TIP MISAPPROPRIATION - FLSA

56.     Defendant's conduct in failing to distribute to their drivers the total proceeds of all gratuities paid by customers, as set forth above, violates the FLSA, 29 U.S.C. § 203, *et seq*. This claim is brought pursuant to 29 U.S.C. § 216(b).

Case 1:14-cv-13475-FDS   Document 1   Filed 08/26/14   Page 9 of 10


## COUNT VIII
### EXPENSES/DEDUCTIONS – FLSA

57.     Defendant's conduct in failing to compensate limousine drivers for all expenses relating to their employment, as set forth above, constitutes unlawful deductions from minimum wages in violation of the FLSA, 29 U.S.C. § 203, *et seq.*  This claim is brought pursuant to 29 U.S.C. § 216(b).

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all their claims.

WHEREFORE, Plaintiff requests that this Court enter the following relief:

1.      Certification of this case as a class action pursuant to Mass. R. Civ. P. 23 and/or Mass. Gen. L. c. 149 § 150 and Mass. Gen. L. c. 151 §§ 1B and 20;

2.      An award of damages, including statutory trebling, for all unpaid wages and compensation that are due to the named Plaintiff and all similarly situated employees under Massachusetts law;

3.      An award of damages, including statutory trebling, for unpaid gratuities under Massachusetts law;

4.      Permission for Plaintiff to notify fellow LimoLink limousine drivers of their right to opt in to this action to pursue a claim under the FLSA, pursuant to 29 U.S.C. § 216(b);

5.      An award of all damages for unpaid wages and compensation that are due to the named Plaintiff and all similarly situated employees under the FLSA;

6.      Statutory liquidated damages for all damages under the FLSA;

7.      A finding that Defendant's violation of the FLSA was willful and that, therefore, the statute of limitations for the FLSA claim is three years;

8.      Attorneys' fees and costs;

9.      Pre- and post-judgment interest; and

10.     Any other relief to which the named Plaintiff and similarly situated employees may be entitled.

Respectfully submitted,

VLADIMIR CHEBOTNIKOV, on behalf of
himself and all individuals similarly situated,

By their attorneys,


 /s/ Hillary Schwab
Hillary Schwab, BBO #666029
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, MA 02111
(617) 607-3260
(617) 488-2261 (fax)
Email:  hillary@fairworklaw.com


Edward L. Manchur, BBO #316910
Knudsen, Burbridge & Manchur, P.C.
401 Edgewater Place, Suite 140
Wakefield, MA 01880
781-246-3030
781-246-3050 (fax)
Email:  elm@kbmlawfirm.com


Dated: August 26, 2014