UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| VLADIMIR CHEBOTNIKOV, on behalf of himself and others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>LIMOLINK, INC.,<br><br>        Defendant<br><br>LIMOLINK, INC.,<br><br>        Counterclaim Plaintiff,<br><br>  v.<br><br>VLADIMIR CHEBOTNIKOV,<br><br>        Counterclaim Defendant. | Case No. 1:14-cv-13475 |

**MEMORANDUM IN SUPPORT OF**
**LIMOLINK, INC.'S MOTION TO DISMISS**

Defendant LimoLink, Inc. ("LimoLink") respectfully submits this Memorandum in Support of its Motion to Dismiss Counts II, VI, VII, and VIII of Plaintiff Vladimir Chebotnikov's Class Action Complaint and Jury Demand ("Complaint") (ECF No. 1), and states the following:

**I.**

**ISSUES**

1. The First Circuit Court of Appeals has held that allegations in a complaint that a plaintiff "regularly worked hours over 40 in a week" and was "not compensated for such time"

are so threadbare and speculative that they fail to cross the line between the conclusory and the factual and will, therefore, not survive a motion to dismiss. In Counts II and VI of his Complaint, Plaintiff alleges that LimoLink violated Massachusetts' and the Fair Labor Standards Act's[1] ("FLSA") overtime provisions because he and other LimoLink drivers "routinely work more than forty hours per week," but "LimoLink does not pay drivers premium compensation at time-and-a-half." Has Plaintiff alleged sufficient facts to survive a motion to dismiss?

2.      The U.S. Supreme Court has made clear that an employment practice does not violate the FLSA unless the FLSA prohibits it. The FLSA does not prohibit employers from retaining proceeds of gratuities paid by their customers or from requiring employees to pay for business-related expenses, unless doing so would reduce their wages to below the minimum wage. But in Counts VII and VIII of his Complaint, Plaintiff claims that LimoLink violated the FLSA solely by virtue of failing to pay drivers the total proceeds of all gratuities received from its customers and by requiring the drivers to pay for expenses. Has Plaintiff stated legally-cognizable claims under the FLSA?

II.

INTRODUCTION

On August 26, 2014, Plaintiff filed his Complaint with this Court, alleging that LimoLink misclassified him and other "similarly situated" transportation service providers who contracted with LimoLink as independent contractors. He also alleges that LimoLink violated Massachusetts state and federal law by failing to pay the service providers overtime compensation, failing to reimburse them for expenses incurred in connection with their

---

[1] 29 U.S.C. § 203, *et seq.*

"employment," and failing to distribute to them the total proceeds of any gratuities it received from its customers.

The Complaint contains eight counts, arising under both Massachusetts law and the FLSA. Because Plaintiff has failed to allege facts sufficient to demonstrate a plausible entitlement to relief for overtime compensation under either Massachusetts or federal law, this Court should dismiss Counts II and VI of the Complaint. Moreover, because he has failed to state a valid claim under the FLSA for "tips misappropriation" or "expenses/deductions," this Court should dismiss Counts VII and VIII of the Complaint.

### III.

### ARGUMENT

The general rules of pleading require "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). To survive dismissal under Fed. R. Civ. P. 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Air Sunshine, Inc. v. Carl*, 663 F.3d 27, 33 (1st Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Air Sunshine, Inc.*, 663 F.3d at 33. But "plausibility" requires more than a "sheer possibility that a defendant has acted unlawfully," and a complaint that alleges facts that are "merely consistent with" liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678.

**A.**

**Allegations That Plaintiff "Routinely Worked" More Than Forty Hours but
<u>Did Not Receive Overtime Compensation Are Insufficient to State a Valid Claim for Relief</u>**

In Count II of his Complaint, Plaintiff claims that LimoLink violated Massachusetts' overtime law (Mass. Gen. L. c. 151 § 1A), and in Count VI, he alleges it violated the overtime provisions of the FLSA, 29 U.S.C. § 203, *et seq*. To support these claims, Plaintiff alleges only that "LimoLink drivers, including the named Plaintiff, routinely work more than forty hours per week," and "LimoLink does not pay drivers premium compensation at time-and-a-half for hours worked in excess of forty per week." *Complaint*, ¶¶ 23-24.

The First Circuit Court of Appeals has recently instructed that these types of allegations are "one of those borderline phrases" that are "so threadbare or speculative that they fail to cross 'the line between the conclusory and the factual.'" *Pruell v. Caritas Christi*, 678 F.3d 10, 13 (1st Cir. 2012) (quoting *Peñalbert–Rosa v. Fortuño–Burset*, 631 F.3d 592, 595 (1st Cir. 2011)). In *Pruell*, the plaintiffs alleged that they "regularly worked hours over 40 in a week and were not compensated for such time, including the applicable premium pay." *Pruell*, 678 F.3d at 13. Noting that the complaint failed to "provide examples (let alone estimates as to the amounts) of such unpaid time" for the plaintiff or the nature of the work performed, the court affirmed this Court's dismissal of the complaint as inadequate to state an FLSA claim. *See also Weigele v. FedEx Ground Package System, Inc.,* No. 06–CV–1330 JLS, 2010 WL 4723673 at *4 (S.D. Cal. Nov. 15, 2010) (finding complaint insufficient where plaintiffs alleged defendant "required [them] to work overtime without lawful compensation"); *Jones v. Casey's General Stores,* 538 F.Supp.2d 1094, 1102 (S.D. Iowa 2008) (finding complaint insufficient where plaintiffs alleged they "regularly worked ... overtime each week but were not paid ... overtime wages").

4

Plaintiff's allegations relative to his state and federal overtime claims are nearly identical to those involved in the *Pruell* case, except that Plaintiff substitutes the word "routinely" for "regularly." He does nothing to cross the line between the conclusory and the factual, and so Counts II[2] and VI of his Complaint must be dismissed.

**B.**

**Plaintiff Has Not Stated Legally-Cognizable Claims
Under the FLSA for "Tips Misappropriation" or "Expenses/Deductions"**

In Count VII of his Complaint (titled "Tip Misappropriation – FLSA"), Plaintiff claims LimoLink violated the FLSA by failing to distribute to the transportation service providers the total proceeds of all gratuities paid by its customers. As a preliminary matter, LimoLink disputes that it is the employer of the transportation service providers, that it is otherwise subject to the FLSA's overtime provisions vis-à-vis the transportation service providers, and that the "gratuities" referenced in the complaint are "tips" as defined in the FLSA. But even taking these allegations as true for purposes of this Motion to Dismiss, Plaintiff has failed to state a valid claim for "tips misappropriation" under the FLSA.

The U.S. Supreme Court has held that an employer's employment practices do not violate the FLSA unless the FLSA explicitly prohibits those practices. *See Christensen v. Harris Cnty.*, 529 U.S. 576, 588 (2000). The FLSA does not prohibit employers from retaining tips or gratuities that it receives from its customers, nor does it mandate that employers distribute these tips or gratuities to its employees. In fact, the FLSA only discusses tips in the context of what

---

[2] Although *Pruell* deals only with an FLSA overtime claim, its reasoning for dismissal rings equally true for overtime claims brought under Massachusetts' state law. *See, e.g., Cormier v. Landry's, Inc.,* No. CIV.A. 13-11822-NMG, 2013 WL 6196000, at *4 (D. Mass. Nov. 22, 2013) (dismissing state law wage claim where plaintiff failed to allege sufficient facts to create any "plausible inference of a Minimum Wage Law violation"); *Blanco v. United Comb & Novelty Corp.,* No. CIV.A. 13-10829, 2013 WL 5755482 (D. Mass. Oct. 22, 2013) (finding that barebones allegations in the plaintiffs' complaint could not support statutory claim that one of the defendants was plaintiffs' employer).

constitutes "wages" for purposes of meeting the minimum wage. *See* 29 U.S.C. §§ 203(m), 206. Under these provisions, employers can credit the tips received by its employees to meet the minimum wage rate specified in § 206. In this circumstance, and this circumstance alone, employees must be allowed to retain their tips, unless they participate in a valid tip pool. *See* 29 U.S.C. § 203(m). This protects the employee's right to the federal minimum wage and fulfills the purpose of the FLSA. *See Oregon Rest. & Lodging v. Solis,* 948 F. Supp. 2d 1217, 1225 (D. Or. 2013).

Plaintiff makes no allegations of tip credits, that there has been a minimum wage violation as a result, or that non-payment of gratuities to Plaintiff caused him to be paid less than the federal minimum wage. Instead, he requests relief for "tips misappropriation," which he seemingly believes is a violation of the FLSA, independent of the FLSA's minimum wage requirements. It is not. Accordingly, Plaintiff has not demonstrated a claim to relief that is plausible on its face. Count VII must be dismissed.[3]

Plaintiff makes a slightly different, but equally unsound, claim in Count VIII of his Complaint that LimoLink is liable under the FLSA for "failing to compensate limousine drivers for all expenses relating to their equipment." *Complaint*, ¶ 57. But the FLSA does not prohibit employers from requiring employees to pay for expenses relating to their employment, unless doing so would drive their wages below minimum wage. *See Arriaga v. Florida Pac. Farms,*

---

[3] Recent revisions to the Department of Labor regulations do not alter this result. *See* 29 C.F.R. § 531.52 (providing that tips are the property of the employee whether or not the employer has taken a tip credit under section 3(m) of the FLSA). First, if anything, LimoLink's alleged noncompliance with the regulation would be a *regulatory* violation, not a violation of the FLSA. *See Solis*, 948 F. Supp. 2d at 1225 (the new Department of Labor regulations "do not protect covered workers from substandard wages or oppressive working hours, nor do they vindicate any of the FLSA's specific statutory protections."). Second, Plaintiff has not pled such a regulatory violation. And finally, recognizing that the Department's regulations are merely interpretations of the FLSA, the U.S. District Court for the District of Oregon, relying on Ninth Circuit precedent, recently held the revisions to 29 C.F.R. § 531.52 to be contrary to Congress's clear intent to not guarantee a tipped employee who otherwise receives the full minimum wage the additional right to retain all tips. *Id.* In particular, the court reasoned that the language of section 3(m) of the FLSA is clear and unambiguous: "[i]t imposes conditions on employers that take a tip credit *but does not impose a freestanding requirement pertaining to all tipped employees*." *Id.* at 1224 (emphasis added).

*L.L.C.*, 305 F.3d 1228, 1237 (11th Cir. 2002) (explaining that under the FLSA, workers must be reimbursed for expenses that primarily benefit the employer, "to the point that the wages are at least equivalent to the minimum wage"). Again, Plaintiff does not allege that there has been a minimum wage violation or that, by virtue of having to pay for their own expenses, he or other putative class members actually received less than the minimum wage. In fact, Plaintiff does not even allege that he, himself, actually paid these expenses or was subject to any "unlawful" deductions – only that "*LimoLink drivers* are required to pay their own expenses." *See Complaint*, ¶¶ 32-36 (emphasis added). Again, Plaintiff has not demonstrated a claim to relief that is plausible on its face. Count VIII must be dismissed.

## IV.

## CONCLUSION

Plaintiff has failed to allege sufficient facts to support claims for overtime under either Massachusetts law or the FLSA. He has also failed to state a legally-cognizable claim for "tips misappropriation" or "expenses/deductions" under the FLSA. This Court should dismiss Counts II, VI, VII, and VIII of the Complaint.

Dated this 24th day of September, 2014.

        Respectfully submitted,

        LIMOLINK, INC.

        By its attorneys,

        */s/ Judith A. Leggett*
        Judith A. Leggett, BBO #635346
        Englander, Leggett & Chicoine, P.C.
        44 School Street, Suite 800
        Boston, MA 02108
        T: 617-723-7440
        jaleggett@elcpc.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2014, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system, and the parties may access this filing through the Court's system.

Hillary Schwab, BBO #666029
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, MA 02111
(617) 607-3260
(617) 488-2261 (fax)
hillary@fairworklaw.com

Edward L. Manchur, BBO #316910
KNUDSEN, BURBRIDGE & MANCHUR, P.C.
401 Edgewater Place, Suite 140
Wakefield, MA 01880
781-246-3030
781-246-3050 (fax)
elm@kbmlawfirm.com

*/s/ Judith A. Leggett*
Judith A. Leggett, BBO #635346
Englander, Leggett & Chicoine, P.C.
44 School Street, Suite 800
Boston, MA 02108
T: 617-723-7440
jaleggett@elcpc.com

4852-2797-7502, v.  6