UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VLADIMIR CHEBOTNIKOV, EUGENE PANTYUKHIN, and YOUSEF SHARMA, on behalf of themselves and others similarly situated,<br><br>      Plaintiffs,<br><br>      v.<br><br>LIMOLINK, INC.,<br><br>      Defendant. | Civil Action No.<br>14-13475-FDS |

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE**

**SAYLOR, J.**

This is a putative class action under the Fair Labor Standards Act. Plaintiffs Vladimir Chebotnikov, Eugene Pantyukhin, and Yousef Sharma are limousine drivers employed by defendant LimoLink, Inc. They have filed suit on behalf of themselves and others similarly situated, alleging that LimoLink violated federal and state law by failing to classify its drivers as employees, failing to pay overtime, failing to pay gratuities, and failing to reimburse drivers for expenses.

LimoLink has moved to dismiss under Fed. R. Civ. P. 12(b)(6) based on a provision in its service-provider agreement that it contends mandates exclusive jurisdiction for any litigation in Iowa. In the alternative, LimoLink has moved under 28 U.S.C. § 1404(a) to transfer venue to the United States District Court for the Northern District of Iowa, again based on a provision in the agreement.

For the following reasons, the motion to dismiss and the alternative motion to transfer venue will be denied.

## I. Background

### A. Factual Relationship

LimoLink is an Iowa corporation. It brokers chauffeur services provided by individuals that LimoLink classifies as independent contractors. (Hupfeld Aff. Ex. A). Plaintiffs allege that they have all worked under contract as service providers for Limolink in Massachusetts. (Sec. Amend. Compl. ¶ 10; Hupfeld Aff. Ex. A, B, C).

Each of the service-provider agreements is essentially identical. Each agreement contains an arbitration clause and a forum-selection clause. The relevant language states:

> If a dispute arises under the terms of this Agreement, such disputes shall be submitted to arbitration in Cedar Rapids, Iowa . . . . In the event that the parties agree, in writing, to forego arbitration and to litigate any disputes arising under this Agreement, the Parties hereby agree to the sole and exclusive jurisdiction of the state and federal courts of Iowa for resolution of any dispute arising from this Agreement . . . .

Hupfeld Aff. Ex. A, ¶ 9. That language is preceded by a choice-of-law provision that states, "[t]his Agreement shall be governed by Iowa law without regard to the choice of law rules thereof." (*Id.* at ¶ 8).

### B. Procedural Background

On August 26, 2014, plaintiff Vladimir Chebotnikov filed a complaint on behalf of himself and others similarly situated alleging that LimoLink has failed to classify its service providers as employees in violation of Mass. Gen. Laws ch. 149 § 148B and 29 U.S.C. §§ 203 *et seq.* (Counts 1 and 5), failed to pay overtime in violation of Mass. Gen. Laws ch. 151 § 1A and 29 U.S.C. §§ 203 *et seq.* (Counts 2 and 6), failed to distribute gratuities in violation of Mass. Gen. Laws ch. 149 § 152A and 29 U.S.C. §§ 203 *et seq.* (Counts 3 and 7), and failed to

compensate its limousine drivers for expenses related to their employment in violation of Mass. Gen. Laws ch. 149 § 148, Mass. Gen. Laws ch. 151 § 1, and 29 U.S.C. §§ 203 *et seq.* (Counts 4 and 8). On September 24, 2014, Limolink filed an answer to the complaint and asserted two counterclaims against Chebotnikov. Those counterclaims have since been dismissed. (Dkt. No. 51, Joint Stipulation).

On October 22, 2014, Chebotnikov filed his first amended complaint. Limolink answered the amended complaint on November 5, 2014. Plaintiff then filed a second amended complaint on March 23, 2015, adding named plaintiffs Eugene Pantyukhin and Yousef Sharma.

On June 5, 2015, Limolink moved to dismiss under Fed. R. Civ. P. 12(b)(6) based on a provision in its service-provider agreement that it contends mandates exclusive jurisdiction for any litigation in Iowa. In the alternative, LimoLink moved under 28 U.S.C. § 1404(a) to transfer venue to the United States District Court for the Northern District of Iowa.

## II.   Standard of Review

On a motion to dismiss, the Court "must assume the truth of all well-plead[ed] facts and give the plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). When the parties have submitted and the court considers supplemental materials outside the pleadings, the court must treat the motion as a motion for summary judgment. *Trans–Spec Truck Serv., Inc. v. Caterpillar, Inc.*, 524 F.3d 315, 321 (1st Cir. 2008). However, an exception to this rule exists when the supplemental materials submitted are "documents the authenticity of which are not disputed by the parties." *Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001); *Rivera v. Centro de Turabo, Inc.*, 575 F.3d 10, 15 (1st Cir. 2009).

The original complaint did not refer to the service-provider agreement.  Instead, LimoLink provided a copy of the agreement in connection with its motion to dismiss.  Because the service-provider agreement appears to be the relevant contract, and the parties do not dispute the authenticity of the agreement, this Court will consider the agreement without converting the motion into a motion for summary judgment.

**III.    Analysis**

Plaintiffs contend (1) that they were not bound by the forum-selection clause in the service-provider agreement because they never agreed in writing, pursuant to the agreement, to forego mandatory arbitration and to litigate disputes arising under the agreement in Iowa, and (2) that their claims do not "arise from" the agreement.  (Pls.' Opp. 1).

Plaintiffs' first argument is without merit.  At a minimum, the filing of this claim clearly constitutes a writing sufficient to forego arbitration.  *See Morales Rivera v. Sea Land of Puerto Rico, Inc.*, 418 F.2d 725, 726 (1st Cir. 1969) ("When plaintiffs brought suit instead of seeking to arbitrate, this was the clearest kind of waiver on their part of an agreement to arbitrate.").[1]

The next question is whether the forum-selection clause governs the claims asserted by plaintiff.  *See Huffington v. T.C. Group, LLC*, 637 F.3d 18, 21 (1st Cir. 2011).  "[I]t is the language of the forum-selection clause itself that determines which claims fall within its scope." *Rivera*, 575 F.3d at 19.  The contractual language here is that the forum-selection clause applies to "any dispute arising from this Agreement."  As a general matter, disputes "arising under," "arising out of," or "arising from" the terms of an agreement must have their inception in the agreement itself, instead of merely being related to the agreement or the relationship of the parties.  Indeed, the First Circuit has noted that the phrase "arising out of" is construed by courts

---

[1] Defendants have not sought, at this stage, to enforce the arbitration clause.

4

to be narrower than phrases such as "with reference to," "relating to," or "in connection with." *Huffington*, 637 F.3d at 22. The Court thus reads the forum-selection clause at issue here narrowly, and concludes that only disputes that are sourced in the terms of the agreement are subject to the forum-selection clause.

Furthermore, "suits to recover payments due under the FLSA, such as overtime payments, are not dependent on the plaintiff's employment agreement." *Pacheco v. St. Luke's Emergency Associates, P.C.*, 879 F.Supp.2d 136, 141 (D. Mass. 2012). In *Pacheco*, the language of the forum-selection clause was "limited to disputes which are 'derived out of this [employment] agreement." *Id.* at 140-41. The court found that where "derive" meant "take, receive, or obtain especially from a specified source," that the plaintiff's FLSA rights were distinct from the employment agreement. *Id.* at 141. According to the court, where "FLSA claims do not depend on the existence of the employment contract, nor does the resolution of [plaintiff's] FLSA claims related to the interpretation of the employment contract[,]' the forum selection clause which is limited to claims which are derived from the employment contract does not apply." *Id.* (citing *Saunders v. Ace Mortg. Funding, Inc.*, No. 05-1437, 2005 WL 3054594, at *3 (D. Minn. Nov. 14, 2005)). The court found that the plaintiff's FLSA claims were "not dependent on any provision of the employment agreement, and [thus] not controlled by the forum selection clause." *Pacheco*, 879 F.Supp.2d at 142.

This case is essentially similar to *Pacheco*. Interpretation of an FLSA claim does not "depend on the existence of [an] employment contract." *Id.* at 141 (quoting *Saunders*, 2005 WL 3054594, at *3); *see also Baker v. Flint Engineering & Const. Co.*, 137 F.3d 1436, 1440 (10th Cir. 1998). Instead, the court must look to the economic reality of the relationship between the parties. *Chao v. Hotel Oasis, Inc.*, 493 F.3d 26, 33-34 (1st Cir. 2007). Thus, the service-

provider agreement has no bearing on whether the plaintiffs' claims that LimoLink has improperly classified them as independent contractors, and plaintiffs' FLSA claims are therefore not subject to the forum-selection clause. The Massachusetts wage-law claims are essentially identical to plaintiffs' claims pursuant to the FLSA, and are similarly not governed by the forum-selection clause in the service-provider agreement. Accordingly, Limolink's motion to dismiss will be denied.

Limolink's motion in the alternative to transfer the case under 28 U.S.C. § 1404(a) is also predicated on the application of the forum-selection clause in the service provider agreements. Because the Court concludes that the forum-selection clause in the agreement does not govern plaintiffs' claims, defendant's motion to transfer for improper venue will also be denied.

## IV.   Conclusion

For the foregoing reasons, defendant's motion to dismiss or to transfer for improper venue is DENIED.

**So Ordered.**

/s/  F. Dennis Saylor
F. Dennis Saylor IV
Dated:  December 11th, 2015        United States District Judge