# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| VLADIMIR CHEBOTNIKOV, EUGENE PANTYUKHIN, and YOGESH SHARMA, on behalf of themselves and others similarly situated, | ) ) ) ) ) ) | |
| Plaintiffs, v. LIMOLINK, INC., Defendant. | ) ) ) ) ) ) ) ) | Civil Action No. 14-13475-FDS |

## MEMORANDUM AND ORDER ON
## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

**SAYLOR, J.**

This is a putative class action alleging violations of Massachusetts wage laws and the Fair Labor Standards Act ("FLSA"). Defendant LimoLink, Inc., is a company that, in substance, provides a platform for customers seeking to use limousine services. The named plaintiffs are three limousine drivers who operate their own limousine companies and, through those companies, contracted with LimoLink to provide limousine services to its customers. The plaintiffs allege, among other things: (1) that LimoLink failed to distribute to them all gratuities paid by its customers, in violation of the Massachusetts Tips Act, Mass Gen. Laws ch. 149, § 152A, and (2) that LimoLink misclassified them as independent contractors, in violation of both the FLSA and Massachusetts Independent Contractor Statute, Mass. Gen. Laws ch. 149, § 148B.

Plaintiffs have moved to certify two classes pursuant to Fed. R. Civ. P. 23. The first putative class (the "Tips Class") consists of the 36 vendors who provided rides for LimoLink

customers in Massachusetts and have not received the total proceeds of gratuities paid by customers since August 27, 2011. The second putative class (the "Misclassification Class") consists of 17 individual drivers, designated by LimoLink as "independent operators," whom LimoLink has classified as independent contractors since August 27, 2011. For the following reasons, the motion to certify will be granted as to the Tips Class and denied as to the Misclassification Class.

## I. Background

The facts are set out fully in this Court's prior Memorandum and Order on Cross-Motions for Summary Judgment. (*See* Docket No. 156 at 2-11).

## II. Legal Standard

Under Rule 23, class certification is appropriate "only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). In addition, because it appears that plaintiffs seek certification pursuant to Rule 23(b)(3), they must also establish that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Plaintiffs must establish each of those elements; failure to establish any one will defeat class certification. *See Smilow v. Southwestern Bell Mobile Sys., Inc.*, 323 F.3d 32, 38 (1st Cir. 2003).

**III.    Analysis**

    **A.    The Tips Class**

It appears that certification is appropriate as to the Tips Class. As to numerosity, the putative class includes 36 vendors. In addition, the class encompasses not only individual operators but also medium and large fleet vendors, it is likely that the number of actual drivers included in the class is far higher. Thus, the numerosity requirement is satisfied. *See In re Relafen Antitrust Litig.*, 218 F.R.D. 337, 342 (D. Mass. 2003) (noting that class of forty individuals is "generally found to establish numerosity").

Second, it appears that there are common questions of law and fact. Whether LimoLink violated the Massachusetts Tips Act depends primarily upon whether LimoLink charged a gratuity to its customers, whether it remitted that gratuity to individuals other than the drivers, and whether the drivers have any managerial responsibilities for LimoLink. *See* Mass Gen. Laws ch. 149, § 152A(A)(a), (d). It is undisputed that, prior to 2014, LimoLink had a policy of charging its customers a gratuity and that LimoLink retained such charges as part of its general revenue stream. (Vittetoe Dep. at 192-93, 195-96). There is, therefore, no reason to think that the resolution of those factual inquiries will vary between class members. Furthermore, there does not appear to be any reason to anticipate variation in the managerial responsibilities—or lack thereof—between the different drivers. As noted in the Court's Memorandum and Order on Cross-Motions for Summary Judgment, the relevant question is whether the drivers possess managerial responsibilities *on behalf of LimoLink*, not on behalf of their own independent limousine companies. (*See* Docket No. 156 at 19-20). Based on the record before the Court, there does not appear to be any reason to think some drivers possess such responsibilities while others do not.

Third, it appears that the typicality requirement is satisfied. "The typicality requirement is satisfied when the [named] plaintiff[s'] injuries arise from the same events or course of conduct as do the injuries that form the basis of the class claims, and when the plaintiff[s'] claims and those of the class are based on the same legal theory." *Guckenberger v. Boston Univ.*, 957 F. Supp. 306, 325 (D. Mass. 1997) (internal quotation marks omitted) (first alteration original). Here, the alleged injuries—the denial of tips—all arise out of the same course of conduct, which is LimoLink's practice of charging gratuities and retaining those gratuities as part of its general revenue stream. Furthermore, the same legal theory, the violation of the Massachusetts Tips Act, underpins all class claims.

Fourth, there is no reason to doubt that the named plaintiffs will adequately represent the interests of the class. There are two elements to the adequacy requirement: "The moving party must show first that the interests of the representative party will not conflict with the interests of any of the class members, and second, that counsel chosen by the representative party is qualified, experienced and able to vigorously conduct the proposed litigation." *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (1st Cir. 1985). Here, plaintiffs have adequately established that all class members have the same interest in receiving gratuities allegedly owed to them and that there is no apparent conflict of interest between themselves and the other class members as to the tips claim. Furthermore, plaintiffs' chosen lead counsel, Hillary Schwab, appears to be a qualified and experienced attorney in the areas of employment law and class action litigation.

Fifth, it appears that common questions of law or fact predominate over questions concerning only individual class members. As noted above, the relevant questions—whether LimoLink charged a gratuity to its customers, whether it remitted that gratuity to individuals

other than service employees, and whether the drivers have any managerial responsibilities on behalf of LimoLink—appear to be common to all class members. Thus, "a sufficient constellation of common issues binds [the] class members together," such that certification is appropriate under the predominance requirement of Rule 23(b)(3).

Finally, it appears that a class action is superior to other available methods of adjudication. Given the common questions of law and fact, a class action will more efficiently resolve the Tips Act claims than would a series of individual cases. Furthermore, as plaintiffs contend, a class adjudication is often superior in the employment context where the risk of employer reprisal may deter employees from brining claims on an individual basis. *See Overka v. American Airlines, Inc.*, 265 F.R.D. 14, 24 (D. Mass. 2010). Accordingly, plaintiffs' motion to certify will be granted as to the Tips Class.

### B. The Misclassification Class

Plaintiffs have also moved to certify a class consisting of 17 individual drivers (referred to by LimoLink as "independent operators") who LimoLink has allegedly misclassified as independent contractors rather than employees. However, plaintiffs have failed to establish all of the elements required for certification as to this putative class.

First, the relatively low number of putative class members, combined with their ease of identification and geographic proximity, suggests that the numerosity requirement is not satisfied and that joinder is feasible. *See Andrews*, 780 F.2d at 131-32.

Second, and more importantly, there are not common questions of fact "'capable of class wide resolution—which means that determination of [the question's] truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.'" *Pagliaroni v. Mastic Home Exteriors, Inc.*, 2015 WL 5568624, at *10 (D. Mass. Sept. 22, 2015) (quoting *Wal-*

5

*Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Determining whether LimoLink misclassified its independent operators requires an individualized and fact-intensive inquiry. For example, the size and nature of each individual operator's own limousine business as well as whether each individual operator had the opportunity to negotiate the terms of LimoLink's service agreement will affect the analysis of whether they were misclassified as independent contractors. Because the answers to those central questions are not capable of classwide resolution, certification is inappropriate as to the Misclassification Class.

**IV. Conclusion**

For the reasons stated above, the motion for class certification of plaintiffs Chebotnikov, Pantyukhin, and Sharma is GRANTED as to the Tips Class and DENIED as to the Misclassification Class.

**So Ordered.**

Dated: July 6, 2017

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge