# **EXHIBIT 2**

<u>Chebotnikov, et al. v. LimoLink, Inc.</u>
Case No. 14-13475

<u>Class Action Settlement Agreement</u>

Vladimir Chebotnikov, Eugene Pantyukhin, and Yogesh Sharma, on behalf of themselves and all others similarly situated ("Plaintiffs"), and LimoLink, Inc. ("Defendant") (collectively, the "Parties") agree to resolve the above-referenced action on the following terms:

1. <u>Settlement Amounts</u>:

   a. Defendants shall pay $905,000.00 ("Settlement Fund") to resolve all class claims brought under Count III (Massachusetts Tips Law) of the Third Amended Complaint in the lawsuit captioned *Chebotnikov, et al. v. LimoLink, Inc.*, Civ. A. No. 14-13475 (the "Tips Class Action"). That amount shall be the total amount to be paid by Defendant to resolve the Tips Class Action, except that all parties shall be responsible for their own taxes. The amounts identified in this paragraph shall be allocated as follows:

      i. an amount not to exceed one-third ($301,666) for attorneys' fees;

      ii. litigation expenses;

      iii. $10,000 as an incentive award to each of the three Named Plaintiffs ($30,000 total), subject to Court approval;

      iv. the cost of retaining a settlement administrator; and

      v. the remainder to be paid to claiming Settlement Class members, including the Named Plaintiffs.

   Defendant agrees not to contest these allocations. The Parties agree that the Court has ultimate authority to accept, reject, or modify these proposed allocations, and that the settlement is not contingent on these allocations being accepted. To the extent that the Court reduces either the incentive award or the attorneys' fees and costs, those monies will be distributed to the Settlement Class members.

1

    b.    Defendant shall also pay amounts identified in separate, confidential settlement agreements with the Named Plaintiffs to resolve all remaining claims (Counts I, II, IV, V, VI, VII). These amounts shall be paid separately from the amount identified in paragraph 1(a).

2.    <u>Settlement Class</u>: The Parties agree that the class certified by the Court on July 6, 2017, shall be the class entitled to make claims from the Settlement Fund. The Parties further agree that Class Notice, in the form specified in Exhibit A, will issue to those limousine drivers who provided rides for LimoLink customers in Massachusetts at any time between August 27, 2011 and January 15, 2015, and for which ride LimoLink charged its customer a gratuity.

3.    <u>Releases</u>:

    a.    <u>Limited Release</u>: Upon final approval by the Court of the Tips Class Action Settlement, all Settlement Class members shall be deemed to have released and dismissed all claims against Defendant, as well as the affiliated parties listed in the release contained in Exhibit B, arising under the Massachusetts Tips Act, M.G.L. c. 149, § 152A, that were or could have been asserted by Plaintiffs in the Tips Class Action.

    b.    <u>General Release</u>: The Named Plaintiffs, in exchange for the amounts specified in their separate, confidential settlement agreements, have agreed to a general release of claims, also specified in those agreements.

4.    <u>Court Approval</u>: The Parties agree to cooperate to seek prompt approval of the Settlement Agreement. Plaintiffs' counsel shall be primarily responsible for drafting settlement approval papers and performing the settlement calculations, subject to review and approval by Defendant's counsel. Defense counsel shall be responsible for issuing CAFA notice. If the Court does not approve the Settlement Agreement for any reason, the Parties agree to work cooperatively to attempt to address any of the Court's concerns. If the Court still does not grant final approval of the Settlement Agreement, then this agreement shall be null and void, as will all releases executed by the Named Plaintiffs and Tips Class members. Settlement of Counts I – VI by the Named Plaintiffs as specified in their separate, confidential settlement agreements, shall be contingent upon Court approval of the Tips Class Action Settlement.

5. <u>Settlement Administration</u>: Plaintiffs' counsel shall be responsible for retaining and communicating with a third-party administrator to administer the Tips Class Action Settlement, including the mailing class notice, collecting claim forms, following up on class member inquiries, and issuing payments. The settlement administrator will be Optime Administration, LLC. The Parties agree to the claim form specified in Exhibit B.

6. <u>Calculation of Settlement Shares</u>: Plaintiffs' counsel shall be responsible for calculating settlement shares to be paid to Tips Class members. Settlement shares shall be calculated proportional to the amounts of gratuities that were not paid to Tips Class members from August 27, 2011 to January 15, 2015. Tips Class members who have signed releases of claims shall be entitled to 50% shares as compared with class members who have not signed releases of claims.

7. <u>Timing of Payments</u>: No later than 30 days after the Court grants final approval of the Tips Class Action Settlement, Defendant shall remit the total amount identified in paragraph 1(a) to the settlement administrator. Within 14 days after receiving payment of the amount identified in paragraph 1(a), the settlement administrator shall distribute payments to the Named Plaintiffs, Plaintiffs' counsel, and to the claiming Settlement Class members.

8. <u>Unclaimed and Residual Funds</u>: The Settlement Fund shall be non-reversionary. Unclaimed amounts shall be distributed on a pro rata basis to claiming Tips Class members; no money from the amount set forth in ¶ 1 shall revert to Defendant. However, if the redistribution of unclaimed funds would result in class members receiving more than three times the amount of unpaid gratuities owing to them between August 27, 2011 and January 15, 2015, then the amount in excess of three times the amount of unpaid gratuities shall first be used for a small reserve fund (approximately $10,000). Any amounts from uncashed checks and/or from unclaimed amounts and/or from any reserve fund (or as otherwise described above) shall be held for an additional 90 days and shall be used to resolve disputes, if necessary. After the 90 days have elapsed, all remaining residential funds distributed on a *cy pres* basis to the Boys and Girls Club of Cedar Rapids, chosen by Defendant, subject to Court approval. If the Court does not approve the Defendant's chosen organization, the parties agree to propose the Employment Unit at Greater Boston Legal Services as an alternative *cy pres* designee.

9. <u>Cooperative Drafting and Construction</u>: This Agreement, together with all Exhibits, shall be deemed to have been mutually prepared by the Parties and shall not

be construed against any of them by reason of authorship. The Parties agree that the terms and conditions of this Agreement were negotiated at arm's length and in good faith by the Parties, and reflect a Settlement that was reached voluntarily based upon adequate information and sufficient discovery and after consultation with experienced legal counsel.

10. <u>Counterparts</u>: This agreement may be executed in counterparts, all of which shall be considered one and the same agreement.

11. <u>Representations and Warranties</u>:

The Parties represent and warrant as follows:

  (a) No Party relies on any statement or representation of any other Party executing this Settlement Agreement, except as expressly stated in this Settlement Agreement.

  (b) The Parties enter into this Settlement Agreement solely to avoid the risks and costs of litigation and to end disputes between them. This Settlement Agreement is being entered into by way of compromise of the disputed claims and defenses that are the subject of the Action not be construed or considered to be an admission of any liability or wrongful conduct by any of the Parties.

  (c) This Settlement Agreement embodies the entire agreement and understanding among the Parties and supersedes all prior agreements and understandings relating to the subject matter hereof. No parol or extrinsic evidence of any nature shall be used.

_____          _____
Matthew Iverson,                    Hillary Schwab,
counsel for Defendant               counsel for Plaintiffs

_____          _____
Bill Barnes on behalf of LimoLink, Inc.   Vladimir Chebotnikov

                                    _____
                                    Eugene Pantyukhin

                                    _____
                                    Yogesh Sharma

EXHIBIT A - Class Notice

NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

CHEBOTNIKOV, PANTYUKHIN, AND SHARMA v. LIMOLINK, INC.
U.S. District Court, District of Massachusetts
Case No. 14-13475

PLEASE READ THIS NOTICE CAREFULLY BECAUSE YOU MAY BE ENTITLED TO GET MONEY FROM THIS SETTLEMENT AND YOUR RIGHTS ARE AFFECTED BY THE LEGAL PROCEEDINGS IN THIS ACTION

1. Why did I receive this notice?

You have received this notice because you have been identified as eligible to participate in a proposed class action settlement involving limousine drivers who provided rides for LimoLink customers in Massachusetts any time between August 27, 2011 and January 15, 2015. As a result of that proposed settlement, you may receive money and your legal rights will be affected.

The plaintiffs who started this lawsuit are Vladimir Chebotnikov, Eugene Pantyukhin, and Yogesh Sharma. They were all limousine drivers who drove LimoLink customers in Massachusetts. They claimed that LimoLink had violated the Massachusetts Tips Law, Mass. Gen. Laws ch. 149, § 152A, because all gratuities paid by LimoLink customers should have been paid to the drivers. LimoLink acknowledges that prior to December 2014 it charged its customers a gratuity – typically 20% of the amount charged to the customer – that it then retained as part of its general revenue stream. The gratuity LimoLink paid to its vendors was separately determined, typically 20% of the base rate it paid the vendor and often less than the amount charged to the customers. On July 6, 2017, the Court ruled that this practice violates the Massachusetts Tips Law. LimoLink denies that it has violated the law, and maintains that its practices are proper and lawful. Because the parties wish to avoid the further burden, expense, and risk inherent in continued litigation, they have reached this proposed settlement.

The proposed settlement is subject to approval by the federal District Court for Massachusetts. On February __, 2018, the Court preliminarily approved the settlement and authorized the attorneys for the Plaintiffs to send you this notice. The Court has now scheduled a final approval hearing for _____, 2018, at __:00 p.m. That hearing will take place at the United States District Court for the District of Massachusetts, in Courtroom 2 (3rd Floor), before the Honorable Judge Dennis F. Saylor IV. The courthouse is located at One Courthouse Way in Boston, Massachusetts 02210. At that hearing, the Court will consider whether or not to grant final approval of this settlement.

2. Who is eligible to participate in this proposed settlement?

All limousine drivers who provided rides for LimoLink customers in Massachusetts at any time between August 27, 2011 and January 15, 2015. According to records provided by LimoLink and its vendors, you drove LimoLink customers during that time period. If that is true, then you are eligible to participate in this settlement.

3. What are the terms of this settlement?

The total amount of the settlement is $905,000. Up to one-third of this amount ($301,666) is proposed to be paid to the plaintiffs' counsel as attorneys' fees. An additional amount will reimburse plaintiffs' counsel for litigation expenses that they advanced in this case. An incentive award of $10,000 to each Named Plaintiff is proposed in order to compensate them for the risk and time commitment of pursuing this lawsuit on behalf of the class. Lastly, up to $_____ is proposed to be paid to a third-party company that is serving as the administrator of this settlement, and which is handling the claims and payment process. The remainder of the settlement fund (approximately $_____) will be distributed to the settlement class. Class members' shares of the settlement will be calculated based on the amount of gratuities to which they are entitled relative to other class members. If you previously signed a release of claims as a condition of working with LimoLink, you will be entitled to 50% shares as compared with class members who did not sign releases.

4. What are my options?

You have four options: (1) participate in the settlement by returning the enclosed claim form and tax paperwork; (2) opt out of the settlement; (3) object to the settlement; or (4) do nothing. Each option is explained below. However, before reviewing those options, please note that in order to obtain a payment from the settlement, you must complete and submit the enclosed forms (claim form and W-9 form) to the address, fax number, or email address below no later than _____, 2018.

5. How do I participate in the settlement?

As explained above, if you choose to participate in the settlement, you must complete and submit the enclosed forms (claim form and W-9 form) to the address, fax number, or email address below no later than _____, 2018.

LimoLink Settlement Administrator
P.O. Box 3206
Brockton, MA 02304
Email: LimoLinksettlement@optimeadmin.com
Fax: 781-287-0381

If your claim form is not received by _____, 2018, you will **not** be eligible to receive a payment from the settlement fund. However, you will still be bound by the terms of the proposed settlement, and your claims against the defendant will still be released. Please note that, since the settlement payment you receive may be taxable, you should contact a tax advisor with any questions regarding that matter.

6. How do I opt out? And what happens if I opt out?

Federal law allows you to exclude yourself from this settlement if you do not want to be bound by it. This is known as "opting out." If you choose to opt out, you will not be bound by the terms of this settlement, you will not be represented by the plaintiffs' counsel, and you will not receive any payment from the settlement fund. In order to opt out of the settlement, you must send something in writing to the settlement administrator at the address above (by mail, fax, or email) by no later than _____, 2018. Plaintiffs' counsel will provide a copy of your opt-out statement to LimoLink and to the Court. Your opt-out statement must include the following information: (1) your name, address, telephone number; and (2) a statement that you are requesting exclusion from the settlement in this lawsuit, *Chebotnikov, et al. v. LimoLink, Inc.*, and that you understand that you will not receive any money from this settlement as result of opting out; and (3) your signature. For any opt-out request to be valid, it must be **received** by the settlement administrator by no later than _____, 2018.

7. How do I object? And what happens if I object?

You are free to object to the settlement. In order to object to the settlement, you must submit something in writing to the settlement administrator at the address above (by mail, fax, or email) by no later than _____, 2018. Plaintiffs' counsel will provide a copy of your written objection to the defendant and to the Court. Any such written objection must include: (1) your name, address, and telephone number; (2) a clear explanation as to why you are objecting to the settlement; (3) a statement of whether you or someone representing you will appear at the final approval hearing; and (4) your signature. Note that, even if you submit an objection, you must still submit a timely claim form and tax forms to receive any portion of the settlement in the event the Court overrules your objection and approves the settlement.

8. What if I do nothing?

If the settlement is approved by the Court and you do not submit a claim form or opt out of the settlement, you will be bound by the settlement but will not receive any money from the settlement fund. Specifically, you will be releasing all claims that have been raised in this case against LimoLink relating to non-payment of gratuities charged to its customers, including claims for violation of the Massachusetts Tips Law, Mass. Gen. Laws ch. 149, § 152A.

9.  **What claims will I give up if I submit a claim form or do nothing?**

If you submit a claim form or do nothing, you will be releasing all claims described in the release printed on the enclosed claim form, underneath the section where you would fill in your personal and contact information.

10. **Do I need to attend the final approval hearing?**

No. You are welcome to attend the Court hearing on _____, 2018, but you are not required to do so.

11. **How will the plaintiffs' lawyers get paid?**

Up to one-third of the total settlement ($301,666) will be used to pay the plaintiffs' lawyers' fees, as well as an additional amount to reimburse them for the costs they incurred bringing and prosecuting the lawsuit, subject to approval by the Court.

12. **Who will answer my questions about the settlement?**

If you have any questions, please contact the plaintiffs' attorneys:

Hillary Schwab, Esq.
Rachel Smit, Esq.
Fair Work, P.C.
192 South Street, Suite 450
Boston, MA 02111
Email: hillary@fairworklaw.com and rachel@fairworklaw.com
Telephone: (617) 841-8188

James Knudsen, Esq.
Knudsen, Burbridge & Manchur, P.C.
401 Edgewater Place, Suite 140
Wakefield, MA 01880
Email: jrk@kbmlawfirm.com
Telephone: (781) 246-3030

*Do not contact the Court directly about this matter.*
*The Court cannot provide you with legal advice or any opinion*
*regarding the case or the proposed settlement.*

EXHIBIT B - Claim Form

In order to claim a share of the settlement proceeds from the proposed settlement in the lawsuit captioned *Chebotnikov, et al. v. LimoLink, Inc., Civ. A. No. 14-13475*, currently pending in the federal District Court for the District of Massachusetts, you must complete and return this form, as well as the attached W-9 tax forms, to the settlement administrator at the following address by _____, 2018. Forms may be submitted by mail, facsimile, or e-mail.

LimoLink Settlement Administrator
P.O. Box 3206
Brockton, MA 02304
Email: LimoLinksettlement@optimeadmin.com
Telephone: 844-625-7313
Fax: 781-287-0381

Name: _____
Address: _____
_____

Phone: _____
Email: _____

Release

To qualify for a share of the settlement fund, you must sign below:

I hereby release Defendant LimoLink, Inc. and its past, present and future parent companies, subsidiaries, affiliates, divisions, agents, employees, owners, members, officers, directors, partners, investors, legal representatives, accountants, trustees, executors, administrators, real or alleged alter egos, predecessors, successors, transferees, assigns and insurers ("Releasees") from all actions, claims, demands or causes of action, whether known or unknown, contingent or absolute, which I have asserted, could have asserted or in the future can or might assert in any court or proceeding which have arisen, arise now or hereafter arise out of, or are based upon or relate in any manner to: the claims alleged in the Third Amended Complaint relating to gratuities charged to LimoLink customers, arising at any time from the beginning of time through the date of the Court's Final Approval of the proposed Settlement, inclusive. For avoidance of doubt, this release is intended to release claims arising under the Massachusetts Tips Act, M.G.L. c. 149, § 152A.

I understand that the settlement proceeds that I will receive may be taxable.

I also understand that I must accurately and completely complete this claim form in order to be eligible to receive a payment from this settlement. If I do not accurately and

completely complete this claim form, I may not be entitled to receive a settlement payment.

I further understand that any payment issued to me pursuant to this Settlement must be deposited or cashed by me within sixty (60) days after it is sent. If I do not deposit or cash my settlement payment within sixty (60) days after it is sent, a stop payment order may be issued on that payment.

I attest, under the pains and penalties of perjury, that the information above is true and correct to the best of my memory.

_____   _____
(Signature)                                 (Date)