UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

VLADIMIR CHEBOTNIKOV,           )
EUGENE PANTYUKHIN, YOGESH       )
SHARMA, on behalf of themselves )
and others similarly situated,  )
                                )
                  Plaintiffs,   )   Civ. A. No. 1:14-cv-13475-FDS
                                )
v.                              )
                                )
LIMOLINK, INC.,                 )
                                )
                  Defendant.    )

[PROPOSED] ORDER GRANTING FINAL APPROVAL
OF CLASS ACTION SETTLEMENT

This matter was heard on July 10, 2018, following Plaintiffs' Assented-to Motion for Final Approval of Class Action Settlement (the "Motion for Final Approval"). Following hearing on the Motion for Final Approval, and the Court having considered all papers filed and proceedings had herein, and having reviewed the record in the above captioned matter,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. This Court has jurisdiction over the subject matter of this proceeding and all parties in this proceeding, including all members of the Class.

2. This Court finds that the notice and claims process provided to Class Members, as set forth in the Settlement Agreement and Release of Claims ("Settlement") and executed by Plaintiffs' counsel, was the best notice practicable and fully satisfied the

1

requirements of the Federal Rules of Civil Procedure, due process, and any other applicable laws.

  3.  The Court finds that the settlement memorialized in the Settlement is fair, reasonable and adequate under Fed. R. Civ. P. 23 and meets all requirements for final approval. The Court hereby finally and unconditionally approves and gives effect to the Settlement in its entirety. The Court finds that the terms and provisions of the Settlement have been entered into in good faith and are in the best interest of the Class and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the Rules of the Court, due process, and any other applicable law.

  4.  Settlement funds, totaling nine-hundred five thousand dollars ($905,000), shall be distributed in accordance with the Settlement. More specifically:

  a. The three named plaintiffs, Vladimir Chebotnikov, Eugene Pantyukhin, and Yogesh Sharma, shall receive an incentive payment of ten thousand dollars ($10,000) each, for a total of thirty thousand dollars ($30,000);

  b. Fair Work, P.C. and Knudsen, Burbridge & Manchur, P.C. shall receive payment for attorneys' fees in the amount of three-hundred one thousand, six-hundred sixty-six dollars ($301,666);

  c. Fair Work, P.C., Knudsen, Burbridge & Manchur, P.C., and Optime Administration LLC shall receive payment for costs not to exceed twenty-thousand dollars ($20,000);

    d. The remaining settlement funds, totaling a minimum of five-hundred fifty-three thousand three-hundred thirty-four dollars ($553,334), shall be distributed to the Class, in accordance with the Settlement; and

    e. In accordance with the Settlement, unclaimed settlement funds shall revert to a *cy pres* fund for the benefit of the Boys and Girls Club of Cedar Rapids, a 501(c)(3) charitable organization.

This Court finds the distributions for incentive payments and attorneys' fees and costs to be appropriate because the Settlement provides substantial benefits for the Class, the requested incentive awards and attorneys' fees and costs are within the range of reasonable awards for similar class action settlements, and because the Settlement was negotiated at arms' length and without collusion, following extensive litigation.

    5. Pursuant to Fed. R. Civ. P. 23(c)(2)(B)(v) and (c)(3)(B), because only one member of the Class submitted a timely opt-out form, all other members of the Class shall be bound by the Settlement and this Order.

    6. Without affecting the finality of this Order, the Court retains jurisdiction over this action and the parties to administer, supervise, interpret, and enforce the Settlement and this Order.

    7. This case and all released claims are otherwise dismissed on the merits, with prejudice, and with each party to bear its own costs, except as otherwise set forth in this Order.

    IT IS SO ORDERED.

Dated: July 10, 2018

                                                   /s/ F. Dennis Saylor